IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GINA DIANE INDA DELA CRUZ, | Civ. No. 16-00668 JMS-RLP |
| Plaintiff, | ORDER: (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| DR. TAMARA TODD, | |
| Defendant. | |

**ORDER: (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## I. INTRODUCTION

On December 22, 2016, Plaintiff Gina Diane Inda Dela Cruz ("Plaintiff"), proceeding pro se, filed an "Opening Statement," ECF No. 1, which the court construes as a Complaint. On January 30, 2017, Plaintiff sought to proceed in forma pauperis by filing an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"), ECF No. 6, and a "Statement" that provides more detail regarding her financial condition, ECF No. 7. Pursuant to Local Rule 7.2(d), the court finds these matters suitable for disposition without a hearing. Based on the following, the court GRANTS the IFP Application and DISMISSES the Complaint with leave to amend pursuant to 28 U.S.C. § 1915(e).

## II. <u>DISCUSSION</u>

### A. IFP Application

Plaintiff's IFP Application and Statement, viewed together, indicate that Plaintiff's sole income is $866 per month in Social Security disability payments.  IFP Appl. ¶¶ 2, 3; Statement at PageID ## 13, 14.  Plaintiff has $50 in a bank account, $200 in cash, and two cars, one of which has a "broken throttle problem."  IFP Appl. ¶¶ 4, 5.  Plaintiff's expenses include $509 per month for rent, $61 for car insurance, and an unspecified amount for a cell phone.  *Id.* ¶ 6; Statement at PageID # 13.  Plaintiff has no dependents or other debts.  IFP Appl. ¶¶ 7, 8.

Because Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed *in forma pauperis* (*i.e.*, without prepayment of fees), the court GRANTS Plaintiff's IFP Application.

### B. The Complaint

#### 1. *Factual Allegations*

Plaintiff's Complaint reads in its entirety:

Your Honor Dr. Tamara Todd had no evidence that I did harm to my baby Sienna Lovely Garcia in 2009.
I did no harm to my daughter and Dr. Tamara Todd violated my privacy to ask me about a c.p.s. Case and made a false call on me to c.p.s. at the hospital Hilo medical center.  In bad faith she called c.p.s. with no

2

> evidence of harm she violated the laws of TITLE 42
> 1983 AND TITLE 42 1985.  I am asking that she pay of
> the harm that she caused me.  I'm asking for 7 million
> dollars for the hell that she caused and me not having my
> daughter for years.  I do have evidence that Child
> protective services did me wrong.

Compl. at 1.

### 2.    *Standards of Review*

The court must subject each civil action commenced pursuant to

28 U.S.C. § 1915(a), governing IFP proceedings, to mandatory screening.  The

court must order the dismissal of any claim that it finds "(i) is frivolous or

malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief."  28 U.S.C.

§ 1915(e)(2)(B); *see, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per

curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited

to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)

(stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua

sponte dismiss an IFP complaint that fails to state a claim).

To state a claim, a pleading must contain a "short and plain statement

of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint must

3

contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). But factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the plaintiff is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 678 (citing Fed. R. Civ. P. 8(a)(2)); *Moss*, 572 F.3d at 969. Thus, a district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Plaintiff is appearing pro se; consequently, the court construes the Complaint liberally, resolving any doubt in Plaintiff's favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted); *Eldridge v. Block*, 832 F.2d

1132, 1137 (9th Cir. 1987) (per curiam).  The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

### 3.    *Application of Standards*

Plaintiff's Complaint is largely conclusory, lacking specific factual allegations and therefore, fails to comply with Rule 8.  *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although the Complaint may be dismissed for this reason alone, the court will address additional deficiencies below.

Construing Plaintiff's Complaint liberally, it appears to allege that in 2009, Defendant Dr. Tamara Todd ("Defendant") contacted Child Protective Services, an agency of the State of Hawaii Department of Human Services, and that Plaintiff's daughter was removed from her custody.  Plaintiff asserts claims for damages for violation of her right to privacy, and other unspecified claims under 42 U.S.C. §§ 1983 and 1985.

///

///

*a.   Section 1983 claims*

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The second prong may be met with a showing of "state action." *Lugar v.Edmondson Oil Co.*, 457 U.S. 922, 935 n.18 ("[C]onduct satisfying the state-action requirement of the Fourteenth Amendment satisfies the statutory requirement of action under color of state law [under § 1983]."). This requirement "excludes from [§ 1983's] reach merely private conduct, no matter how  discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50  (1999) (quotation marks and citation omitted).

A private party may, under limited circumstances, act under color of state law when "he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002) ("A private individual's action may be 'under color of state law' where there is 'significant' state involvement in the action.") (quoting *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997)). The Ninth Circuit recognizes "at least four different criteria, or tests, used to identify state action:

'(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (*quoting Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999)). "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Id.* But under any of the four tests, "the central question remains whether the alleged infringement of federal rights [is] fairly attributable to the government." *Id.* at 1096 (internal quotation marks omitted).

To establish joint action, a plaintiff must show willful, joint participation between the state and a private actor in which "the state has so far insinuated itself into a position of interdependence with the private [actor] that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 926 (9th Cir. 2011) (citations and quotation marks omitted).

Here, even liberally construed, the Complaint fails to allege any facts showing that Defendant met any one of the four tests identifying state action, or is otherwise a state actor. The Complaint fails to allege the required "substantial degree of cooperation," *Todd v. Whitaker*, 2016 WL 4216777, at *2 (D. Or. Aug. 8,

2016), or coordinated action between the Child Protective Services and Defendant to establish joint action. Nor does the Complaint allege that the State was in a position of interdependence with Defendant, *i.e.*, that Child Protective Services knowingly accepted benefits from the allegedly unconstitutional actions of Defendant. At best, the Complaint alleges only that in 2009, Defendant asked Plaintiff about an unspecified case with Child Protective Services, and placed one phone call to Child Protective Services. The Complaint falls far short of alleging facts sufficient to show that Defendant was a state actor. Thus, Plaintiff's § 1983 claim is DISMISSED for failure to state a claim against Defendant.

        *b.*     *Section 1985 claims*

      Section 1985(3) provides a cause of action against state or private conspiracies.[1] *See* 42 U.S.C. § 1985(3); *Griffin v. Breckenridge*, 402 U.S. 88, 101-02 (1971). Plaintiff appears to be attempting to allege a violation under the first

---

[1] The Complaint does not identify which subsection of § 1985 Defendant allegedly violated. However, because this case does not appear to involve conduct preventing an officer of the United States from performing his or her duties (§ 1985(1)), or court proceedings/obstructing justice (§ 1985(2)), the court construes the Complaint as asserting a conspiracy claim under § 1985(3). *See* 42 U.S.C. § 1985.

clause of § 1985(3),[2] which prohibits a private conspiracy to deny a person equal protection of the laws.  42 U.S.C. § 1985(3).  To state a claim under § 1985(3), a plaintiff must allege (1) a conspiracy; (2) that the conspiracy is for the purpose of depriving a person or class of persons of the equal protection of the laws, or of the equal privileges and immunities under the laws; (3) an act in furtherance of such conspiracy; and (4) that the plaintiff is injured in his or her person or property, or is deprived of any right or privilege of a citizen of the United States.  *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000).  The Supreme Court has interpreted § 1985(3)'s language -- requiring an intent to deprive a person or class of persons of equal protection -- to mean that the conspiracy must be motivated by some racial or class-based discrimination.  *See Kush v. Rutledge*, 460 U.S. 719, 726 (1983) (citing *Griffin*, 403 U.S. at 102); *see also Orin v. Barclay*, 272 F.3d 1207, 1217 (9th Cir. 2001).

Here, at the very least, the Complaint fails to allege facts showing that Dr. Todd's conduct was motivated by racial or any other class-based discrimination.  Nor does it include allegations sufficient to establish the existence of a conspiracy.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th

---

[2] The second clause of § 1985(3) prohibits conspiracies to prevent State authorities from giving or securing to all persons within such State the equal protection of laws, and the third clause prohibits conspiracies to interfere with federal elections.  *See* 42 U.S.C. § 1985(3).

Cir. 1988) ("A claim under [§ 1985(3)] must allege facts to support the allegation that defendants conspired together.").  The § 1985 claim is therefore DISMISSED for failure to state a claim against Defendant.

### 4.    *Leave to Amend*

Plaintiff's Complaint is DISMISSED as detailed above pursuant to 28 U.S.C. § 1915(e)(2).  Because the court cannot say that it would be impossible for Plaintiff to allege sufficient facts to state her claims, the court grants Plaintiff leave to amend her complaint on or before March 24, 2017, in an attempt to cure the deficiencies noted in this Order.  Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii if she amends her pleading.  And the amended complaint must be designated as an "Amended Complaint."

An amended complaint generally supersedes the original complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  The court will not refer to the original complaint to make an amended complaint complete, although it will not ignore contradictory statements of fact between an original and amended complaint.  Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading.  Defendants not named in the caption and claims dismissed without prejudice that

are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("[C]laims dismissed with prejudice [need not] . . . be repled in a[n] amended complaint to preserve them for appeal . . . [b]ut . . . claims [that are] voluntarily dismissed [are] . . . waived if not repled.").

If Plaintiff chooses to file an amended complaint, she must write short, plain statements telling the court:  (a) the constitutional or statutory right Plaintiff believes was violated; (b) the specific basis of this court's jurisdiction; (c) the name of the defendant who violated that right; (d) exactly what that defendant did or failed to do; (e) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (f) what specific injury Plaintiff suffered because of that defendant's conduct.  Plaintiff must repeat this process for each person or entity that she names as a defendant.  And Plaintiff may include only one claim per count.

## 5.    *Statute of Limitations*

Plaintiff is notified that her § 1983 and § 1985 claims, based on allegations of events that occurred in 2009, are likely barred by Hawaii's two-year statute of limitations for personal injury claims, set forth in Hawaii Revised Statutes § 657-7.  *See Gregg v. Haw. Dep't of Pub. Safety*, 2014 WL 4129525, at

11

*9 (D. Haw. Aug. 18, 2014) ("In § 1983 actions, courts apply the forum state's statute of limitations and its tolling provisions for personal injury actions.") (citing *Canatella v. Van de Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007)); *see also Roberts v. City & Cty. of Honolulu*, 2008 WL 563475, at *3 (D. Haw. Mar. 3, 2008) (recognizing that § 1985(3) claims are "best characterized as personal injury actions and are governed by the same statute of limitations as actions under § 1983") (quoting *McDougal v. Cty. of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991)); *Pele Def. Fund v. Paty*, 73 Haw. 578, 595, 837 P.2d 1247, 1259 (1992) ("[T]he two-year statute of limitations set forth in HRS § 657-7 governs § 1983 actions."). While the statute of limitations is an affirmative defense, in the absence of a defendant's waiver, a court may raise the defense sua sponte. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993); *see also Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (holding sua sponte dismissal under § 1915(e)(2)(B) with leave to amend to be appropriate where a claim appears to be time-barred).

If Plaintiff chooses to amend her claims, in addition to addressing the deficiencies noted above, she should also consider whether her claims are barred by the statute of limitations and whether she can show that she is entitled to equitable tolling. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th

Cir. 1993) (holding that dismissal on statute of limitations grounds is disfavored when equitable tolling may apply).  To be eligible for equitable tolling of the statute of limitations under Hawaii law, a plaintiff must show that she "has been pursuing [her] right diligently, and . . . that some extraordinary circumstance stood in [her] way."  *Office of Hawaiian Affairs v. State*, 110 Haw. 338, 360, 133 P.3d 767, 789 (2006).  "Extraordinary circumstances are circumstances that are beyond the control of the complainant and make it impossible to file a complaint within the statute of limitations."  *Id.* (citing *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000)).

###### 6. *Plaintiff's Prior Actions and Res Judicata*

Finally, this action may also be barred by res judicata, or issue preclusion.[3]  Where the application of res judicata is readily apparent, the court may raise the issue sua sponte.  *Arizona v. California*, 530 U.S. 392, 412 (2000); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005).

The court looks to Hawaii law to determine whether a prior state court judgment precludes a subsequent action.  *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment

---

[3] "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

under the law of the State in which the judgment was rendered."); *see also Allen v. McCurry*, 449 U.S. 90, 96 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.").

Under Hawaii law, issue preclusion "applies to a subsequent suit between the parties or their privies on a different cause of action and prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action." *Bremer v. Weeks*, 104 Haw. 43, 54, 85 P.3d 150, 161 (2004). It also precludes relitigation of facts and issues previously decided "against someone who was not a party previously." *Bumatay v. Fin. Factors, Ltd.*, 2010 WL 3724231, at *4-5 (D. Haw. Sept. 16, 2010) (citing *Aga v.Hundahl*, 78 Haw. 230, 248, 891 P.2d 1022, 1040 (1995)). Issue preclusion requires the establishment of the following:

> (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior adjudication.

14

*Id.* (quoting *Dorrance v. Lee*, 90 Haw. 143, 148-49, 976 P.2d 904, 909-10 (1999)).

As to the fourth requirement, only the party against whom issue preclusion is

asserted is required to have been a party in the prior lawsuit.  *Id.*

In 2011, Plaintiff filed an earlier action in this court[4] against Child

Welfare Services ("CWS") workers, alleging that they violated Plaintiff's

constitutional rights in 2009 when Plaintiff's then-newborn daughter (the same

child at issue in the instant Complaint) was taken into protective custody and

Plaintiff was prevented from having unsupervised visits with her other children.

*See Dela Cruz v. McManaman*, 2012 WL 4472260, at *1-2 (D. Haw. Sept. 26,

2012) ("*Dela Cruz 2011*").  *Dela Cruz 2011* determined that Plaintiff's claims

were barred by claim preclusion based on the final adjudication of a 2010 state-

court action against those same CWS workers in which Plaintiff alleged numerous

claims for damages and injunctive relief based on the removal of the same

newborn daughter from Plaintiff's custody in 2009 and the prior removal of her

other children.  *Id*. at *2, 4-6.

---

[4] A court may take judicial notice of documents outside of a complaint that are "matters of public record" as long as the facts noticed are not "subject to reasonable dispute."  Fed. R. Evid. 201.  Specifically, the court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other verifiable documents from earlier related litigation); *Lee v. City of L.A.*, 250 F.3d 668, 689-90 (9th Cir. 2001) ("A court may take judicial notice of matters of public record.") (citation and quotation marks omitted).

It appears that issue preclusion may bar the current action.  However, the lack of specificity in the Complaint raises some doubt about its application. *See Valenzuela v. Union Pac. R.R. Co.*, 194 F. Supp. 3d 918, 931 (D. Ariz. 2016) (declining to apply issue preclusion due to serious doubt about its application).  If Plaintiff chooses to amend the complaint, in addition to addressing the deficiencies noted above, she should also consider whether she can show that her claims are not barred by issue preclusion.

### III.  <u>CONCLUSION</u>

Based on the foregoing:

(1) Plaintiff's IFP Application is GRANTED;

(2) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B);

(3) Plaintiff may file an amended complaint that attempts to cure the deficiencies set forth above by March 24, 2017;

(4) Failure to amend the Complaint by March 24, 2017, and cure its pleading deficiencies will result in dismissal of this action with prejudice for failure to state a claim;

///

///

(5) The Clerk of Court is directed to mail Plaintiff a pro se civil rights complaint form to assist her in complying with the directions in this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 28, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Dela Cruz v. Todd*, Civ. No. 16-00668 JMS-RLP, Order: (1) Granting Application to Proceed in District Court Without Prepaying Fees or Costs; and (2) Dismissing Complaint With Leave to Amend